IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **GARY WAYNE BROWN,** | ) | |
| Petitioner, | ) | Civil Action No. 7:21cv00302 |
| | ) | |
| v. | ) | <u>**ORDER**</u> |
| | ) | |
| **HAROLD W. CLARKE, DIRECTOR,** | ) | By: Joel C. Hoppe |
| Respondent. | ) | United States Magistrate Judge |

Gary Wayne Brown, a Virginia inmate proceeding *pro se*, previously filed a petition for a writ of habeas corpus, which is pending. He has now filed three additional motions in the case:

1. A motion to stay the proceedings because of lack of access to the library and to an inmate paralegal during COVID-19;

2. Motion for an evidentiary hearing; and

3. Motion for testing of evidence at forensic lab to support habeas claims.

The court will address each motion below.

**A.  Motion to Stay**

Whether to stay a habeas corpus proceeding rests within the sound discretion of the court. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In this case, Brown's habeas petition has already been filed; further, he has filed a response to the respondent's motion to dismiss. Inmates have no constitutional right to assistance from an inmate paralegal, and Brown would have no further need for a law library at this stage of the proceedings. Accordingly, the motion to stay (Dkt. No. 12) is **DENIED.**

**B.  Motion for Evidentiary Hearing**

The matter is currently pending decision on the respondent's motion to dismiss as a matter of law. An evidentiary hearing will not aid in resolving the legal issues involved, and

thus an evidentiary hearing is not necessary at this time. The court **DENIES** the motion for evidentiary hearing (Dkt. No. 17) without prejudice.

**C.   Motion for Forensic Testing of Evidence**

Brown seeks forensic testing of items he alleges that his attorney should have tested before trial.  He has claimed ineffective assistance of counsel for counsel's failure to have the items tested.  Those claims were made in the state habeas case, as well.  Under the law, this court must defer to the state court decision unless that decision is contrary to federal law as determined by the United States Supreme Court or is an unreasonable application of that law.  28 U.S.C. § 2254(d)(2).  Further, the state court's factual determinations are entitled to a presumption of correctness and cannot be disturbed by this court unless that state court's decision was based upon an unreasonable determination of facts based on the evidence presented to that court.  28 U.S.C. § 2254(e).  These standards are difficult for a habeas petitioner to meet.  One of the bases for the respondent's motion to dismiss is that the state court's denial of these claims was reasonable.  Until the court can finish its review of the full record of evidence available to the state court to determine if the decision was reasonable, it is premature for this court to order any testing.[1]  Any evidence that such testing would provide could not be considered by the court in determining if the state court's habeas decision was reasonable.  Accordingly, the motion for forensic testing of evidence (Dkt. No. 16) is **DENIED** without prejudice at this time.

ENTER: March 28th, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge

---

[1] Virginia Code § 19.2-327.1 provides a procedure for convicted felons to request scientific evaluation of previously untested evidence, if Brown is inclined to seek such relief earlier.